UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF KENNETH A. JONES,
THE ESTATE OF YOLAND JONES, AND
TIA PICKETT, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF KENNETH A. JONES AND
THE ESTATE OF YOLANDA JONES                                        PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:20-CV-392-DPJ-FKB

UNITED STATES OF AMERICA                                             DEFENDANT

ORDER

This case involves a tort claim against the United States flowing from a motor-vehicle accident. While there are three pending motions, this Order addresses only one, the United States' Motion to Strike Plaintiffs' Rebuttal [31]. That motion is denied, but the United States is granted an opportunity to provide additional briefing.

I.  Factual and Procedural Background

Before getting to the United States' motion to strike, the Court must review a messy, but necessary, factual and procedural history. On October 22, 2014, Kenneth A. Jones and Yolanda Jones were struck by a vehicle owned by the United States Department of Justice and driven by one of its employees. Compl. [1] at 1–2. Both were injured. *Id.* at 2. In November 2015, Kenneth A. Jones passed away. *Id.* at 1; Def.'s Mot. (Dismiss) (Chancery Court Am. Mot. to Substitute Administratrix) [23-5] at 1 (stating K. Jones died on November 13, 2015). In October 2016, Yolanda Jones filed a claim under the Federal Tort Claims Act (FTCA) "obo [on behalf of] Kenneth Jones." Oct. 20, 2016 Claim [23-1] at 1. Then, in November 2017, Yolanda Jones was named Administratrix of Kenneth's estate. Nov. 17, 2017 Letter [1-1].

On June 8, 2020, Yolanda Jones, individually and as Administratrix of the Estate of Kenneth A. Jones, filed this lawsuit, seeking compensation. Compl. [1] at 1. Soon thereafter, Yolanda Jones also passed away. Pet. [23-8] at 1 (noting Y. Jones died on July 17, 2020). Plaintiffs' Counsel filed an Amended Complaint [3] naming as Plaintiffs: the Estate of Kenneth A. Jones, the Estate of Yolanda Jones, and Tia Pickett, as personal representative of the Estate of Kenneth A. Jones and the Estate of Yolanda Jones. Am. Compl. [3] at 1. But Pickett (Yolanda Jones's daughter) did not petition the Chancery Court to open the Estate of Yolanda Jones until April 23, 2021. Pet. [23-8] (dated April 23, 2021). Then on May 14, 2021, Melanie Jones Anderson ("natural biological daughter of Kenneth A. Jones") moved in Chancery Court to substitute herself as Administratrix for the Estate of Kenneth A. Jones. Chancery Mot. [23-5] at 1. The Chancery Court granted Anderson's motion on May 18, 2021, substituting her as Administratrix in place of Yolanda Jones, and then docketed Letters of Administration to that effect on June 28, 2021. Chancery Order [23-6] at 1; Letter [33] at 1.

On June 2, 2021, the United States filed a motion to dismiss [23] Plaintiffs' Amended Complaint based on "lack of subject-matter jurisdiction, lack of prudential standing, and/or for failure to state a claim on which relief can be granted." Def.'s Mem. (Dismiss) [24] at 1. The motion to dismiss raises concerns over the "real party in interest," *id.* at 5, and the lack of a proper administrative claim on behalf of Kenneth Jones, *id.* at 8. On June 14, Plaintiffs responded [26] in opposition to the motion to dismiss and filed a separate motion to substitute party [25].

In their motion to substitute [25], they ask the Court to substitute Tia Pickett and Melanie Jones Anderson as "Party Plaintiffs." Pl.'s Mot. (Substitute) [25] at 1. They say that Tia Pickett should be named in her individual capacity and as Administratrix of the Estate of Yolanda Jones

2

and Melanie Jones Anderson should be named as the Administratrix of the Estate of Kenneth Jones. *Id.* at 2.

The following day, on June 15, the United States filed its reply [28] in support of its motion to dismiss and its response [29] in opposition to the motion to substitute. Then, on June 17, Plaintiffs filed a document [30] titled "Plaintiffs' Rebuttal to Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Dismiss." The United States construed that filing as an improper sur-rebuttal and moved to strike it. *See* Def.'s Mot. (Strike) [31]. That is the motion now before the Court.

II.     Analysis

Plaintiffs' only argument in opposition to the United States' motion to strike is that "[t]here is no express prohibition against a written sur-rebuttal to a rebuttal." Pls.' Resp. (Strike) [32] at 1. While Plaintiffs may be technically correct that the applicable rules do not expressly preclude sur-rebuttals, "[n]either the federal rules nor the local rules make[] provision for filing a sur-reply." *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06-CV-433-HSO-RHW, 2018 WL 4471777, at *5 (S.D. Miss. Sept. 18, 2018); *see also* L.U. Civ. R. 7(b)(3), (4) (allowing a response and reply). As a result, "[t]his Court disfavors the use of a sur-reply or sur-rebuttal." *Rigsby*, 2018 WL 4471777, at *5. A sur-rebuttal may, however, be allowed under appropriate circumstances with leave of court. *See id.*

That said, the issues in the motion to dismiss and the Plaintiffs' motion to substitute—for which they filed no reply—overlap, and the Court desires full briefing. Accordingly, the United States' motion to strike [31] Plaintiffs' rebuttal [30] is denied, and the Court will consider the filing. But because the Government was entitled to the final word on its motion to dismiss, it

3

will be allowed to file a final response to Plaintiffs' rebuttal [30] within seven days of this Order. Plaintiffs' briefing is closed.

III.	Conclusion

The United States' motion to strike [31] Plaintiffs' rebuttal [30] is denied.  The United States is instead granted seven days to file a brief response to this filing.

**SO ORDERED AND ADJUDGED** this the 6th day of August, 2021.

                                     s/ *Daniel P. Jordan III*
                                     CHIEF UNITED STATES DISTRICT JUDGE