UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF KENNETH A. JONES,
THE ESTATE OF YOLANDA JONES, AND
TIA PICKETT, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF KENNETH A. JONES AND
THE ESTATE OF YOLANDA JONES                                                                PLAINTIFFS

V.                                                                           CIVIL ACTION NO. 3:20-CV-392-DPJ-FKB

UNITED STATES OF AMERICA                                                                     DEFENDANT

ORDER

This case involves a tort claim against the United States flowing from a motor-vehicle accident. Today, the Court considers the United States' motion to dismiss [23] and Plaintiffs' motion to substitute party [25]. For the reasons explained, the United States' motion to dismiss is denied in part and granted in part, and Plaintiffs' motion to substitute is granted.

I.      Factual Background

On October 22, 2014, Kenneth and Yolanda Jones were struck by a vehicle owned by the United States Department of Justice and driven by one of its employees. Compl. [1] at 1–2. In the years following the collision, both Kenneth and Yolanda passed away. This lawsuit is an attempt to obtain compensation for the accident. But that pursuit has been complicated by Kenneth's and Yolanda's deaths and the creation and administration of their estates.

In its present motion, the United States seeks dismissal based on "lack of subject-matter jurisdiction, lack of prudential standing, and/or for failure to state a claim on which relief can be granted." Def.'s Mem. [24] at 1. And Plaintiffs ask the Court to substitute Tia Pickett and Melanie Jones Anderson as "Party Plaintiffs." Pls.' Mot. [25] at 1. After some procedural irregularities, the Court now considers both motions fully briefed. *See* Order [36].

II.     Analysis

The United States' motion to dismiss challenges the filing of the administrative claim, the proper party to advance the claims in the lawsuit, and the absence of allegations to support an individual-capacity claim by Pickett.

A.      Kenneth's FTCA Claim

The first question is whether Kenneth's claim under the Federal Tort Claims Act (FTCA) was administratively exhausted before suit was filed.  "The FTCA grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies."  *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (citing 28 U.S.C. §§ 2674, 2679(a)).  "Before a plaintiff may bring a lawsuit under the FTCA, the claim must be presented to the appropriate federal agency" within two years after the claim accrues "and be finally denied by the agency in writing."  *Id.* (citing 28 U.S.C. §§ 2401(b), 2675(a)).  "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim."  *Id.* (quoting *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442, *amended on other grounds on reh'g*, 905 F.2d 61 (5th Cir. 1990)).

Here, the Joneses' accident occurred in October 2014, and Kenneth passed away approximately one year later—on November 13, 2015.  Def.'s Mot. [23-5] at 1.  In October 2016, Yolanda submitted an administrative claim under the FTCA, listing Kenneth Jones as the claimant, and signed it "Yolanda Jones obo [(on behalf of)] Kenneth Jones."  Def.'s Mot. [23-1] at 1.  But Yolanda was not named as administratrix of Kenneth's estate until November 2017.

The United States, citing Mississippi Code section 91-7-233, contends that Yolanda "lacked legal authority" to submit a claim on his behalf.  Def.'s Mem. [24] at 10; *see* Miss. Code

Ann. § 91-7-233 (West 2022) ("Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted."). Accordingly, it says that the "notice-of-claim prerequisite for suit was not satisfied." Def.'s Mem. [24] at 10.

The Fifth Circuit addressed a similar issue in *Pleasant v. United States*. There, the district court dismissed an FTCA claim because the notice was filed by the decedent's sister, whereas only the "children's tutors, and not [the sister] as administratrix, had legal capacity to file a valid administrative claim." *Pleasant*, 764 F.3d at 446–47. The Fifth Circuit reversed, holding that "[t]he district court erred in imposing additional requirements on the children beyond their obligation to provide the agency with (1) written notice of the claim sufficient to enable investigation and (2) a value of the claim." *Id.* at 449 (citations omitted). The court held, "[A] person or entity filing a notice of claim on behalf of other beneficiaries *need not have the legal authority to pursue those claims in state court*." *Id.* at 450 (emphasis added). And in reaching that conclusion, the panel emphasized that "the administrative claims requirements of the FTCA are 'meant to benefit claimants and in no way are designed to preclude them from their day in court.'" *Id.* (quoting *Transco Leasing*, 896 F.2d at 1444 (quoting *Van Fossen v. United States*, 430 F. Supp. 1017, 1022 (N.D. Cal. 1977))); *see also id.* (listing cases "holding that a notice of claim was properly presented notwithstanding the plaintiff's lack of authority under state law to bring a claim on behalf of other beneficiaries").

*Pleasant* is controlling, and the United States has not shown otherwise. In its initial memorandum, the United States acknowledges *Pleasant* in a footnote, stating merely that it was "wrongly decided." Def.'s Mem. [24] at 10 n.10. The Government therefore appears to be preserving the issue in hopes of changing the law. Regardless, *Pleasant* is a published—and

therefore binding—opinion. It consequently trumps the United States' primary authority, *Johnson v. United States*, 287 F. App'x 328, 329 (5th Cir. 2008). *See Pleasant*, 764 F.3d at 451 (distinguishing *Johnson* and noting that it is an "unpublished summary calendar opinion").[1]

In a subsequent memorandum, the United States attempts to factually distinguish *Pleasant*, but the facts the United States attributes to *Pleasant* came from *Transco Leasing*, a case the Fifth Circuit discussed in its *Pleasant* opinion. *Compare* Def.'s Resp. to Rebuttal [38] at 3 (stating "*Pleasant* . . . is distinguishable because the bank who filed the claim was the court-appointed administrator of the estate"), *with Pleasant*, 764 F.3d at 449–50 (discussing holding in *Transco Leasing*, 806 F.2d at 1444, that bank could file the administrative claim).

In the end, *Pleasant* emphasized that the administrative-claim "requirements are 'intended to lessen the court case load through fair settlement, not procedural default.'" 764 F.3d at 450 (quoting *Transco Leasing*, 896 F. 2d at 1444 (quoting *Van Fossen*, 430 F. Supp. at 1022)). Yolanda's administrative claim adequately provided "actual, written notice of the claim sufficient to enable the [agency] to investigate and place a value on the claim." *Id.* at 451. And while she had not been named administratrix of Kenneth's estate when she filed the claim, she was appointed administratrix during its pendency. *See* Letters of Administration [1-1] (dated Nov. 17, 2017); Compl. [1] at 2 (dated June 8, 2020). The administrative-exhaustion requirement was satisfied; Defendant's motion to dismiss for failure to exhaust is denied.

---

[1] Even if binding, *Johnson* arguably helps Yolanda. 287 F. App'x at 329. It is undisputed that Yolanda was named administratrix a year after filing the administrative claim. By contrast, the Fifth Circuit faulted Johnson for never establishing her capacity to pursue the claim, either before filing it or later in response to the United States' requests. *Id.*

4

B. Estates of Yolanda and Kenneth Jones

Next, the Court considers the United States' motion to dismiss the action for lack of prudential standing and Plaintiffs' motion to substitute the parties, both of which focus on Yolanda's and Kenneth's estates. As background, on June 8, 2020, Yolanda, individually and as administratrix of the estate of Kenneth A. Jones, filed this lawsuit seeking compensation. Compl. [1] at 1. Soon thereafter, she passed away. Def.'s Mot. [23-8] at 1 (noting Y. Jones died on July 17, 2020). Plaintiffs' counsel then filed an Amended Complaint [3] on September 14, 2020, naming as Plaintiffs: the Estate of Kenneth A. Jones, the Estate of Yolanda Jones, and Tia Pickett, as personal representative of the Estate of Kenneth A. Jones and the Estate of Yolanda Jones. Am. Compl. [3] at 1.

But Pickett (Yolanda's daughter) did not petition the Chancery Court to open the Estate of Yolanda Jones until April 23, 2021 (about seven months after filing suit). Def.'s Mot. [23-8]. Then, on May 14, 2021, Melanie Jones Anderson ("natural biological daughter of Kenneth A. Jones") moved in Chancery Court to substitute herself as Administratrix for the Estate of Kenneth A. Jones. Def.'s Mot. [23-5] at 1. Anderson was named administratrix of Kenneth's estate on May 24, 2021, and Pickett was named administratrix of Yolanda's estate on June 28, 2021. Def.'s Mot. [23-6] at 1 (entered May 24, 2021); Letter [33] (entered June 28, 2021).

Meanwhile, on June 2, 2021, the United States filed a motion to dismiss, attacking the September 2000 Amended Complaint. It argues that when the Amended Complaint was filed the Estate of Yolanda Jones and the Estate of Kenneth Jones "lacked prudential standing to bring suit." Def.'s Reply [28] at 3. First, the Estate of Yolanda Jones did not yet exist. *Id.* at 4. Second, the Estate of Kenneth Jones did not have an administrator. *Id.* at 5 (noting the prior administrator, Yolanda, had passed away). While Pickett identified herself as the "Personal

5

Representative" of the estates, the United States submits she "was not a real party in interest at the time that the amended complaint was filed." *Id.* at 7.

In response, Pickett—and later Anderson—attempted to remedy the shortcomings by asking the Court to allow substitution, citing Federal Rules of Civil Procedure 17(a)(3) and 25(a)(1). Pls.' Resp. [27] at 7; Pls.' Rebuttal [30] at 3; *see* Pls.' Mot. [25] (labeling filing as motion to substitute but failing to cite a specific rule). Under either rule, substitution is a matter of discretion. *See Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) ("We review the district court's refusal to order the ratification, joinder, or substitution of the Trustee for abuse of discretion.") (citing *Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270, 1272 (10th Cir. 1997) (applying abuse of discretion standard to decision under Rule 17); *Collateral Control Corp. v. Deal (Matter of Covington Grain Co.)*, 638 F.2d 1357, 1360 (5th Cir. 1981) (applying abuse of discretion standard to decision under Rule 25)); *see also In re Baycol Prods. Litig.*, 616 F.3d 778, 782 (8th Cir. 2010) (stating determinations regarding substitution under Rule 25(a)(1) are reviewed for an abuse of discretion). Although the Court will ultimately focus on Rule 17, it begins with a general review of both Rule 17 and Rule 25.

      1.    Rule 17

Rule 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." But the fact that a case is not being prosecuted by "a real party in interest does not mean the case must be dismissed." *Alexander v. DLJ Mortg. Cap., Inc.*, No. 3:15-CV-293-TSL-RHW, 2016 WL 11613005, at *5 (S.D. Miss. July 5, 2016). To this point, Rule 17(a)(3) provides:

> (3) Joinder of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or

6

substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The 1966 Advisory Committee Notes explain that this provision was added "in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1555 (3d ed.) ("This provision reflects the general policy of the drafters of the federal rules that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error."). Thus, "[a] good-faith, nonfrivolous mistake of law triggers Rule 17(a)(3) ratification, joinder or substitution." *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 166 (5th Cir. 2016); *see Magallon v. Livingston*, 453 F.3d 268, 273 (5th Cir. 2006) (finding the district court erred in dismissing a case where the plaintiff offered a "reasonable explanation"); *id.* (modifying judgment of dismissal "to provide that this suit can continue if [an individual] chooses to be substituted as the proper plaintiff").

        2.      Rule 25

Rule 25(a)(1) specifically addresses substitution of parties in the case of death and states as follows:

> (a) Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

> The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of

> whether the parties have knowledge of a party's death. Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution.

*Grandbouche v. Lovell*, 913 F.2d 835, 836–37 (10th Cir. 1990) (internal citations omitted); *see Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015) ("Therefore, we join the Fourth, Seventh, Ninth, and Tenth Circuits in holding that when a plaintiff dies, in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate pursuant to Rule 4."); *Doglow v. Anderson*, 45 F.R.D. 470, 471 (E.D.N.Y. 1968) ("Although Queeny died more than ninety days ago and this fact was almost immediately made known to plaintiffs at a deposition, no statement of the fact of death has yet been served."). That said, "a suggestion of death need not be made on the record before a motion for substitution can be made." *Miles, Inc. v. Scripps Clinic & Rsch. Found.*, 810 F. Supp. 1091, 1102 (S.D. Cal 1993) (citing *Dolgow*, 45 F.R.D. at 471).

      3.      Application

The United States' argument is as follows: (1) the Amended Complaint superseded the original complaint; (2) the Amended Complaint was not filed by a real party in interest, so the action should be dismissed; (3) Rule 17(a)(3) is inapplicable because Plaintiffs "have made no attempt to defend their actions as a mistake," Def.'s Mem. [28] at 7; and (4) Plaintiffs should not be permitted to use Rule 25 to substitute themselves for Yolanda because Yolanda is no longer a party to this action, Def.'s Mem. [38] at 4 (citing Amended Complaint).

For their part, Plaintiffs stress that even if the Amended Complaint falls short, Yolanda clearly had standing to file the Original Complaint on behalf of herself and Kenneth's estate. They then reason that Pickett, as Yolanda's heir, believed that she was able to take Yolanda's

place after her death. They urge the Court not to dismiss the action, but to allow Pickett and Anderson to be substituted, under either Rule 17(a)(3) or 25.

Judge Lee, in *Alexander v. DLJ Mortgage Capital, Inc.*, faced a similar circumstance. There, Willie Alexander filed a complaint on behalf of himself and his mother Reddie Alexander alleging claims related to a mortgage-loan modification. 2016 WL 11613005, at *1. The defendants moved to dismiss, claiming neither Willie nor Reddie had "standing to assert the claims in the complaint as neither [was] a real party in interest under Federal Rule of Civil Procedure 17." *Id.* at *2. Specifically, Willie was not a party to the note at issue, and Reddie died over a year before the lawsuit was filed. *Id.*

Judge Lee agreed that Reddie could not be a real party in interest and acknowledged that Rule 25 substitution was not available because her death occurred *before* litigation commenced. *Id.* at *4. He then rejected Willie's argument that he had standing because he had spent funds maintaining the subject property. *Id.* at *5. Noting that the claims stemmed entirely from the loan modification, Judge Lee determined "[t]here is no basis for concluding that Willie, in his personal capacity, is a real party in interest under Rule 17(a)." *Id.*

But, citing Rule 17(a)(3), Judge Lee did not dismiss the case in its entirety. Observing that "the real party in interest to prosecute at least some of the claims . . . would be the Estate of Reddie Alexander" and that Willie "is the executor and sole heir of Reddie Alexander's estate," Judge Lee explained that "the estate could be substituted or could ratify Willie's continued prosecution of the claims on behalf of the estate." *Id.* at *6. Conceding that the court could not assume that Willie "simply made a mistake, understandable or otherwise," Willie was allowed fourteen days to show why the court should "allow ratification by or substitution of the estate of Reddie Alexander under Rule 17(a)(3)." *Id.* at *7. In a subsequent, unpublished order, Judge

Lee ultimately substituted the Estate of Reddie Alexander as plaintiff in place of Willie Alexander. *Alexander v. DLJ Mortgage Capital, Inc.*, No. 3:15-CV-293-TSL-RHW, Order [40] (Aug. 12, 2016); *see also Beal ex rel. Beal v. Merit Health Cent.*, No. 3:20-CV-335-TSL-RPM, 2020 WL 11191722, at *5–6 (S.D. Miss. Nov. 10, 2020) (allowing the plaintiff ten days to explain his failure to sue in the name of the proper party, citing Rule 17(a)(3) and *Alexander*).[2]

The instant case is in a similar (though not identical) posture. While it was initially filed by Yolanda Jones, who had standing, the filing of the Amended Complaint—according to the United States—essentially gutted this action, leaving no named plaintiffs with standing to continue the suit. The United States insists this is fatal and warrants dismissal. But the suit in *Alexander* was defective from day one; neither Willie nor Reddie had standing to institute the action. Yet, the action was not dismissed, and substitution was allowed. If Rule 17(a)(3) could save the *Alexander* lawsuit, it follows that it can save the Jones suit as well.

Here, Plaintiffs submit they committed an "understandable mistake," believing Pickett, as Yolanda's heir, could maintain this action immediately following her mother's death. *Wieburg*, 272 F.3d at 308 (citing *Feist v. Consol. Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Penn. 1999) ("Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake.")); *see* Pls.' Mem. [27] at 1–3 (citing Miss. Code Ann. §§ 91-1-1, -3, -11). They describe Pickett as "an heir of Yolanda Jones under

---

[2] The Court notes that the United States cited *Alexander* as support for the following statement: "A complaint should be dismissed if it is not brought by the real party in interest." Def.'s Mem. [24] at 5 (citing *Alexander*, 2016 WL 11613005, at *3). But the court stated the opposite: "The fact that neither Reddie nor Willie, in his personal capacity, is a real party in interest *does not* mean the case must be dismissed." *Alexander*, 2016 WL 11613005, at *5 (emphasis added).

10

the laws of intestacy" who inherited Yolanda's property and any property of Kenneth's that had previously passed to Yolanda.  Pls.' Mem. [27] at 6.

In other words, it appears Pickett did not appreciate the need to open Yolanda's estate prior to filing the Amended Complaint.  Of course, as discussed, Pickett has since been named administratrix of her mother's estate, and Anderson has been named administratrix of Kenneth's estate.  Federal courts routinely allow substitution under similar circumstances.  *See Purcell ex rel. Est. of Tyree v. City of New York*, No. 18-CV-3979-PKC-RLM, 2020 WL 2559796, at *6 (E.D.N.Y. May 19, 2020) (collecting cases); *Fletcher v. City of New London*, No. 3:16-CV-241-MPS, 2017 WL 690533, at *5 (D. Conn. Feb. 21, 2017) ("Federal courts have also allowed substitution to replace invalid estate administrators.") (citing *Levinson v. Deupree*, 345 U.S. 648 (1953)); *Estate of Butler ex rel. Butler v. Maharishi Univ. of Mgmt.*, 460 F. Supp. 2d 1030, 1037 (S.D. Iowa 2006) (allowing substitution where the decedent's brother was named administrator after the filing of the lawsuit); *see also Jones v. Las Vegas Metro. Police Dept.*, 873 F.3d 1123, 1129 (9th Cir. 2017) (finding district court abused its discretion by failing to give plaintiffs a reasonable opportunity to substitute the proper party and cure the defective complaint).  The Court, in its discretion, finds an understandable mistake has been made and, in the interests of justice, substitution should be allowed under Rule 17(a)(3).[3]  Defendant's motion to dismiss for lack of prudential standing is denied; Plaintiffs' motion to substitute is granted.[4]

---

[3] While Plaintiffs also invoke Rule 25(a), the Court finds Rule 17(a)(3) is a better fit. Certain criteria under Rule 25(a) have arguably been met: a suggestion of death has not been filed; the ninety-day time limit to seek substitution has not been triggered; and Plaintiffs invoked the rule in asking to substitute Pickett and Anderson.  But the substitution would essentially need to reach back to the Original Complaint (which names Yolanda), rather than the Amended Complaint (which does not).  And the parties have not explored that wrinkle in depth.

[4] In its response to Plaintiffs' motion to substitute, the United States says: "In the event that the Court denies part of all of the government's motion to dismiss, the government does not object to Plaintiffs having an adequate opportunity to substitute the proper party(ies) into this case."  Resp.

C.      The Merits of Pickett's Individual-Capacity Claims

Finally, the Court turns to Pickett's individual-capacity claims. In the Amended Complaint, Pickett describes herself as "bring[ing] this action as Personal Representative of the Estates of Kenneth A. Jones, (d) and Yolanda Jones, as well as in her individual capacity." Am. Compl. [3] ¶ 4. But the remainder of the complaint mentions only injuries sustained by Kenneth and Yolanda, *id.* ¶ 9, and damages incurred by Kenneth and Yolanda, *id.* ¶¶ 13–14. *See id.* ¶ 14 (seeking $250,000 for "past medical expenses and pain and suffering" attributable to Kenneth and $74,999 for "past medical expenses and past[] pain and suffering" attributable to Yolanda).

The United States says the Amended Complaint contains "no facts concerning whether and how the government harmed Ms. Pickett," so the individual-capacity claims should be dismissed for failure to state a claim. Def.'s Mem. [24] at 6 (citing Fed. R. Civ. P. 12(b)(6)). In response, Pickett argues that "[a]s Yolanda Jones's heir, [she] can file this amended action for the pain and suffering and other causes originally filed by Yolanda Jones." Pls.' Mem. [27] at 1. In support, Plaintiffs cite *Necaise v. Sacks*, 841 So. 2d 1098 (Miss. 2003). But *Necaise* addressed a unique situation:

> In *Necaise*, Charles Freeman commenced a medical malpractice suit for chemical burns sustained while undergoing chemotherapy treatment for cancer. Freeman subsequently died from causes unrelated to any alleged medical negligence resulting in his injuries which were the subject of the pending litigation. Freeman's daughter, Nancy Necaise, was substituted as a party in the circuit court action, was thereafter appointed executrix of her father's estate via a chancery court order[] and was subsequently allowed by the circuit court to file an amended complaint. However, the amended complaint did not maintain the pending action in the name of the estate. In relying on *Richardson I*, we allowed Necaise to maintain the medical negligence suit *even though she never named the estate as a*

---

[29] at 3. The Court was reluctant to interpret this statement as conceding that Rule 17(a)(3) allows substitution and precludes dismissal, in light of the fact that the United States also argued that Rule 17(a)(3) "cannot save their flawed filing." *Id.* at 2. Accordingly, the Court included a complete analysis of Rule 17(a)(3).

12

*party*. [*Necaise*, 841 So. 2d] at 1106.

*Methodist Hosp. of Hattiesburg, Inc. v. Richardson*, 909 So. 2d 1066, 1072 (Miss. 2005) (emphasis added).

Here, considering the substitution allowed under Rule 17(a)(3), it is not necessary to have Pickett as a party; the claims she appears to present are duplicative of those advanced by the estates and (unlike in *Necaise*) the estate is named as a party.  *See id.* at 1073 (citing the comparable Mississippi Rule of Civil Procedure 17(a) and noting the trial court allowed substitution of the estate as the real party in interest).  The United States' motion to dismiss any individual-capacity claims by Pickett is granted.

III.     Conclusion

The Court has considered all arguments raised by the parties.  Those arguments not addressed would not change the outcome.  For the reasons explained, Defendant's motion to dismiss [23] is granted in part and denied in part.  Tia Pickett's individual-capacity claims are dismissed; the claims related to Yolanda and Kenneth Jones go forward.  In addition, Plaintiffs' motion to substitute [25] is granted.

The parties are directed to contact the chambers of Magistrate Judge F. Keith Ball to schedule this case for a case-management/status conference.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2022.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE