IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF KENNETH A. JONES, et al. | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:20cv392-DPJ-FKB |
| UNITED STATES OF AMERICA | DEFENDANT |

## ORDER

This action is before the Court on four motions related to Plaintiff's expert witness designations: Defendant's first motion [63] to strike Plaintiff's expert designations, Plaintiff's motion [68] to strike Defendant's motion, Defendant's second motion [74] to strike expert designations, and Plaintiff's motion [83] for leave to file a surrebuttal to Defendant's reply in support of Defendant's second motion to strike. Having considered the motions, the Court rules as follows.

Plaintiff has made several attempts to designate its expert witnesses. In the first attempt, Plaintiff simply listed the names, some with addresses, of over 100 individuals and entities. [63-1]. Following a good-faith letter from Defendant pointing out the deficiencies in these designations, Plaintiff submitted a supplemental designation [63-3]. Defendant contended that Plaintiff had not cured the defects in its designation, and after a discovery conference with the Court and grants of additional time to allow Plaintiff to perfect its designations, Plaintiff submitted more supplemental designations [63-4], [74-7], and [74-8]. Although extensions to the designation deadlines had been granted only for the purpose of perfecting previous designations, Plaintiff added new experts in some of its supplemental designations. By its motions to strike, Defendant seeks to

strike all designations, save the designation of Dr. Heather Nicole Evans, arguing that none complies with the requirements of Fed. R. Civ. Proc. 26(a)(2) and that some are untimely.

Plaintiff states that none of its experts is retained.  Thus, the designation of its experts is governed by Fed. R. Civ. Proc. 26(a)(2)(C), which requires that the designation state (1) the subject matter on which the witness is expected to testify, and (2) a summary of the facts and opinions to which the witness is expected to testify. Even in its most recent attempts to perfect its designations, Plaintiff resorts to vague one- or two-sentence descriptions of the experts' testimony; it has wholly failed to provide a meaningful summary of the facts and opinions to which any of the challenged experts are expected to testify.  For two of the treating physicians, Dr. Kenny Edwards and Dr. Stephen Smith, Plaintiff merely states that "it is expected that [the expert] is going to testify concerning the same thing or is to give similar testimony to the testimony to be offered by Dr. Heather Nicole Evans."  [63-3] at 2; [74-8] at 2-3.   For the remainder of the treating physicians or other treating health care professionals, Plaintiff states only that their opinions will be that the injuries of one or both of the decedents were the direct and proximate result of the rear-end collision by Defendant.[1]  For Dr. Robert A. Leach, a chiropractor who apparently never examined or treated either decedent, Plaintiff states that he will review documents and testify that Kenneth Jones's injuries "were directly and proximately caused by the government vehicle rear ending

---

[1] Experts for whom Plaintiff gives this description are as follows:  Nina Rose Lynch, R.N. [74-8] at 3-4; Dr. Raymond Overstreet [74-8] at 4;  Dr. Kevin Ray Ricks [74-7] at 2; Dr. Gordon S. Jones [74-7] at 2;  Dr. Placid Eze [63-3] at 3; Joshua Pounders, P.T. [63-3] at 4;  Dr. Patty Manning [63-3] at 4-5; Jennifer McCollough, C.N.P.  [63-3] at 5-6.

2

the vehicle in which [Kenneth Jones] was riding in on or about October 22, 2014" and that the accident "was the cause of and accelerated the decline in Yolanda K Jones' health."  [74-7] at 1,  [74-8] at 3.  Dr. Adelaide Henderson, an apparent non-treating physician, is to review the medical records and other documents and testify that Kenneth Jones's injuries and decline in health were the direct result of the rear-end collision by Defendants.  [74-7] at 1-2.  A.K. Rosenhan, an engineer, is to testify "that the negligence of Defendants resulted in severe injuries" to Yolanda K Jones and that Defendant's negligence "was the proximate cause" of her injuries "by rear ending the vehicle she was driving."  [74-8] at 1.  No attempt is made to give any opinion for Dr. Dwight Anthony Dishmon, another apparent non-treating physician.  [74-4] at 3.

The Local Civil Rules of this court provide that "[a]n attempt to designate an expert without providing full disclosure of information as required" will not be considered a timely designation and may be stricken.  L. U. Civ .R. 26(a)(2)(B).  A decision as to whether to strike an expert witness designation is guided by consideration of four factors: (1) The explanation for the party's failure to timely designate an expert; (2) the importance of the testimony; (3) the potential prejudice to the other party in allowing the testimony of the late-designated expert; and (4) the availability of a continuance to cure the prejudice.  *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).   All of these factors weigh in favor of striking.  Plaintiff has given no explanation for failing to make proper designations.  Furthermore, Plaintiff has failed to establish the importance of  the testimony of any of these experts.  Obviously, Defendant would be prejudiced by the inherent inability to prepare a defense against undisclosed facts and opinions to

which Plaintiff's experts would testify.  And considering that Plaintiff has already been given sufficient opportunities to cure its expert disclosure deficiencies, a continuance would neither remedy the problem nor be appropriate under the circumstances presented.

Accordingly, Defendant's motions to strike [63 and 74] are hereby granted.  All designations, save the designation for Dr. Heather Nicole Evans, are hereby stricken.  Plaintiff's motion [68] to strike Defendant's first motion to strike is denied.  Plaintiff's motion [83] to file a sur-rebuttal in opposition to Defendant's second motion to strike is denied, as Plaintiff has failed to show that a surrebuttal is necessary or would be helpful.

So ordered, this the 6th day of January, 2023.

s/ F. Keith Ball_____<br>
United States Magistrate Judge